UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,<br><br>            Plaintiff(s),<br><br>vs.<br><br>FF&E LOGISTICAL, INC., et al.,<br><br>            Defendant(s). | Case No. 2:16-cv-01289-RFB-NJK<br><br>REPORT AND RECOMMENDATION |

On January 25, 2017, the Court granted the motion for Defendants' attorney to withdraw. Docket No. 18. As part of that order, the Court required Defendant FF&E Logistical to retain counsel and file a notice of appearance by February 8, 2017. *See id.* The Court also ordered Defendant Robert Patton to file either a notice of intent to proceed *pro se* or a notice of appearance by newly-retained counsel by February 8, 2017. *See* Docket No. 18. Defendants did not comply.

As a result, on February 15, 2017, the Court ordered Defendants to show cause in writing why sanctions should not be imposed, up to and including case-dispositive sanctions. Docket No. 19. The Court warned that "**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANTS.**" *Id.* (emphasis in original). That response was due by March 2, 2017. *Id.* Defendants did not comply.

The willful failure of Defendants to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the

Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendants wilfully refused to comply with multiple court orders despite the warning that case-dispositive sanctions may result. Moreover, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation since corporations may not appear in federal court without licensed counsel. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam).

Accordingly, the undersigned hereby **RECOMMENDS** that default judgment be entered against Defendants.

DATED:  March 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).