**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> FF&E LOGISTICAL, INC., et al., <br><br> Defendant(s). | Case No. 2:16-cv-01289-RFB-NJK <br><br> ORDER <br><br> (Docket No. 31) |

On July 11, 2017, Plaintiffs filed a second renewed motion for judgment debtor examination. Docket No. 31. Plaintiffs seek an order setting a judgment debtor examination of Robert L. Ansara, Defendant FF&E's president, secretary, and treasure, as well as an order requiring production of documents. *Id.* To date, no response has been filed. Accordingly, with respect to the judgment debtor examination itself, the Court hereby **GRANTS** that aspect of the motion as unopposed. *See* Local Rule 7-2(d). No later than August 4, 2017, Plaintiffs shall file a new proposed order with a specific date, time and location for the judgment debtor examination to be conducted.[1]

Plaintiffs also seek an order requiring Mr. Ansara to produce certain documents at the judgment debtor examination. *See* Docket No. 31 at 3; *see also* Docket No. 31-2 at 2-3. As an initial matter, the

---

[1] It appears that the date currently included will not allow sufficient time for the production of documents requested, as outlined below. The current proposed order also has the incorrect judge's initials with the case number. *Compare* Docket No. 31-2 at 1 *with* Docket No 16. Any new proposed order shall provide the correct information.

Court does not disagree with Plaintiffs that they may properly seek documents in relation to a judgment debtor examination. *See* Docket No. 31 at 3. Nonetheless, as the very case cited by Plaintiffs makes clear, *id.*, absent a showing that the judgment debtor failed to comply with such requests for production, courts generally do not issue an order compelling the production of those documents. *See Lozovskyy v. Vassilli Oxenuk*, 2012 U.S. Dist. Lexis 178708, *4 (D. Nev. Dec. 18, 2012). Instead, the mechanism for seeking such documents is to serve a request for production in accordance with Rule 34 of the Federal Rules of Civil Procedure. *See, e.g., id.*; *Fagan v. Lawrence Nathan Assocs.*, 2013 U.S. Dist. Lexis 169413, *4 (D. Nev. Dec. 2, 2013); *Guinn v. F.D.I.C.*, 2013 U.S. Dist. Lexis 79057, *4 (D. Nev. June 5, 2013); *see also Trustees of the Nevada Resort Association–International Alliance of the Theatrical Stage Employees and Moving Picture Machine Operators v. All Access Support Group*, Case No. 2:10-cv-1888-JCM-NJK, Docket No. 26 (D. Nev. Jan. 24, 2014). Plaintiffs' pending motion does not persuade the Court to depart from this standard practice. Accordingly, the motion for an order compelling the production of documents is **DENIED**, and Plaintiffs shall instead propound requests for production in accordance with Rule 34 of the Federal Rules of Civil Procedure such that the documents be produced at the examination.

IT IS SO ORDERED.

Dated: August 1, 2017

                                             NANCY J. KOPPE
                                             UNITED STATES MAGISTRATE JUDGE